**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 20, 2013

No. 12-40428

Lyle W. Cayce
Clerk

T. WILLIAM MCINTYRE,

Plaintiff-Appellant

v.

CHICAGO TITLE INSURANCE CO., et al.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
Case No. 4:10-cv-335

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following the defendants' attempt to non-judicially foreclose on a Deed of Trust securing property owned by plaintiff T. William McIntyre, McIntyre brought claims of breach of contract, and violations of the Texas Deceptive Trade Practices Act and Texas Debt Collection Act against the defendants alleging that the Deed of Trust was not enforceable against him. McIntyre appeals the grant of summary judgment in favor of the defendants. Because the record establishes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40428

that the Deed of Trust is enforceable against McIntyre, rendering his claim meritless, we affirm.

I.

In July 2003, Chrystal Suswell purchased a home located at 2307 Aberdeen Bend in Carrollton, Texas (the Property). On January 11, 2005, after Suswell and McIntyre were married, Suswell executed a Warranty Deed conveying the Property to herself and McIntyre. At the same time, Suswell and McIntyre executed an Adjustable Rate Note and Deed of Trust in favor of New Century Mortgage Corporation (New Century), both in the amount of $283,500. The Deed of Trust created a lien in favor of New Century and secured the Note.

Only Suswell was identified as a Borrower on the face of the Deed of Trust. However, McIntyre is identified as a Borrower on the main signature page and he executed the Deed of Trust, signing above his name which identified him as Borrower. He also signed several addenda to the Deed of Trust on signature lines below text that indicated that the signature lines were for the Borrower.

In July 2008, in conjunction with their divorce, Suswell conveyed her half interest in the Property to McIntyre using a Special Warranty Deed. When McIntyre failed to make payments, Carrington Mortgage Services, LLC (Carrington), the servicer of the Note and Deed of Trust, allowed him to enter into a Loan Modification Agreement in September 2008. McIntyre defaulted again in December 2008 and failed to cure the default after receiving notice of default.

McIntyre filed suit against Chicago Title Insurance Company (Chicago Title), Deutsche Bank National Trust Company, Carrington and New Century in Texas state court seeking to enjoin a non-judicial foreclosure and claiming money damages under various state law causes of action. Chicago Title removed the case to the district court. McIntyre settled with Chicago Title and dismissed it from the case. McIntyre failed to serve New Century and the district court

No. 12-40428

dismissed that defendant without prejudice. Both sides filed Motions for Summary Judgment. The district court adopted the magistrate judge's Report and Recommendation and denied McIntyre's motion, granted the defendants' motion and ordered that McIntyre take nothing on the remaining claims. McIntyre appeals.

II.

This court reviews the district court's decision on summary judgment applying the same standard as the district court. *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 537 (5th Cir. 2007), *abrogated on other grounds by Hardt v. Reliance Standard Life Ins. Co.,* 130 S.Ct. 2149, 2157-58 (2010). Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a).

McIntyre argues that summary judgment was not proper because he was not specifically named as a Grantor or conveyor of an interest in the Deed of Trust, and because his status as a Borrower in the Deed of Trust can not be inferred to make him a Grantor. He also argues that because he is not named as a Grantor in the Deed of Trust, the promissory note is void, and that the note should be deemed unsecured because the Deed of Trust was not properly delivered to him by the mortgagee or bank. We disagree.

Under Texas Law, "separate instruments or contracts executed at the same time, for the same purpose, and in the course of the same transaction are to be considered as one instrument, and are to be read and construed together." *Jones v. Kelley*, 614 S.W. 2d 95, 98 (Tex. 1981). Under this rule, McIntyre clearly was intended to be considered as a Grantor/Borrower in the Deed of Trust. The Note and Deed of Trust were dated on the same day, January 7, 2005. The Note, which McIntyre signed as Borrower, states that "a Mortgage, Deed of Trust, or Security Deed (the 'Security Instrument'), dated the same date as this Note,

No. 12-40428

protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note." The Note lists the property address as 2307 Aberdeen Bend, Carollton, Texas – the same address as that listed on the Deed of Trust. The Note and Deed of Trust list the same debt amount – $283,500. In addition, McIntyre signed the Deed of Trust on a line where his name is identified as "Borrower" and on several addenda on signature lines below language indicating that the signatures are those of the Borrower. These documents construed together clearly reflect that McIntyre intended to be treated as a Borrower/Grantor under the Deed of Trust and, accordingly, that instrument is enforceable against him.

III.

Based on the foregoing, the district court properly granted judgment in favor of the defendants, which judgment we affirm.

AFFIRMED.